# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1187
_____

Larry C. Flynt

*Movant - Appellant*

David Zink; Michael S. Worthington; John E. Winfield; Michael Anthony Taylor; Leon Taylor; Walter T. Storey; Herbert Smulls; William L. Rousan; Earl Ringo, Jr.; Roderick Nunley; Allen L. Nicklasson; John C. Middleton; Paul T. Goodwin; Joseph Franklin; Jeffrey R. Ferguson; Andre Cole; Reginald Clemons; Cecil Clayton; Mark Christeson; Russell Bucklew; David Barnett

*Plaintiffs*

v.

George A. Lombardi; David R. Dormire; Terry Russell; John Does, 2-40

*Defendants - Appellees*

------------------------------

Public Citizen, Inc.; Missouri Press Association; Reporters Committee for Freedom of the Press; Advance Publications Inc.; American Society of News Editors; Association of Alternative Newsmedia; Courthouse News Service; The E.W. Scripps Company; First Amendment Coalition; The McClatchy Company; MediaNews Group, Inc., doing business as Digital First Media; National Press Photographers Association; New York Times Company; Newspaper Association of America; POLITICO LLC; The Washington Post

*Amici on Behalf of Appellant(s)*

_____

_____

Larry C. Flynt

*Movant - Appellant*

Earl Ringo, Jr.; John C. Middleton; Russell Bucklew; John E. Winfield; Dennis Skillicorn; Leon Taylor; Roderick Nunley; Jeffrey R. Ferguson; Richard D. Clay; Allen L. Nicklasson; Joseph Franklin; Martin Link; Mark Christeson; William L. Rousan; David Barnett; Cecil Clayton; Michael Anthony Taylor; Herbert Smulls

*Plaintiff*s

v.

George A. Lombardi; Terry Russell; John Doe

*Defendants - Appellees*

-------------------------------

Public Citizen, Inc.; Missouri Press Association; Advance Publications Inc.; American Society of News Editors; Association of Alternative Newsmedia; Courthouse News Service; The E.W. Scripps Company; First Amendment Coalition; The McClatchy Company; MediaNews Group, Inc., doing business as Digital First Media; National Press Photographers Association; New York Times Company; Newspaper Association of America; POLITICO LLC; Reporters Committee for Freedom of the Press; The Washington Post Company

*Amici on Behalf of Appellant(s)*

_____

Appeals from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: January 14, 2015
Filed: April 7, 2015
[Published]

_____

Before RILEY, Chief Judge, BEAM and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Pursuant to Federal Rules of Civil Procedure Rule 24(b), Larry Flynt, a publisher, moved to intervene in two cases brought by Missouri death row prisoners challenging Missouri's protocol for carrying out executions, for the limited purpose of seeking to unseal court records and docket entries. The district court denied Flynt's motions to intervene, holding that Flynt's generalized interest in the subjects of the litigation did not justify intervention. We reverse.

I.   BACKGROUND

Prisoners on Missouri's death row brought two cases against Missouri's Department of Corrections. In the first case, Ringo v. Lombardi, No. 2:09-cv-04095 (W.D. Mo. filed May 15, 2009), the prisoners challenged Missouri's execution protocol claiming Missouri violated the federal Controlled Substances Act and the Food, Drug and Cosmetic Act. In the second case, Zink v. Lombardi, No. 2:12-cv-04209 (W.D. Mo. filed Aug. 1, 2012), the prisoners challenged Missouri's execution protocol based on Eighth Amendment due process, ex post facto, and other claims. In both cases, the district court sealed certain documents or docket entries, making them inaccessible to the public. In Ringo, several judicial records were sealed, apparently pursuant to a protective order that the parties jointly sought from the district court. In Zink, numerous docket entries and the associated documents were hidden from public view. There was no indication in the public record why these

docket entries were sealed, nor any explanation of what documents, or types of documents, were sealed.

On November 9, 2013, Flynt filed motions to intervene in both the Ringo and the Zink cases, pursuant to Rule 24(b), and moved to unseal the aforementioned judicial records and docket entries. It is uncontested that no party, in either case, opposed Flynt's motions to intervene.[1] At the time Flynt moved to intervene, the Ringo case had already been dismissed by the district court, while the Zink case remained ongoing. In his motions to unseal, Flynt stated he had an interest in the sealed records as a publisher and as an advocate against the death penalty. Flynt also said he had a heightened interest in these cases because Joseph Franklin, a man who had confessed to shooting Flynt, was an inmate on Missouri's death row and a plaintiff in both cases. Franklin was executed on November 20, 2013, and on that same day the district court denied Flynt's motion to intervene in the Zink case as moot. Flynt subsequently filed a motion to reconsider the denial of his motion to intervene in the Zink case, arguing that neither his ability to intervene in the case, nor the court's ability to redress his claims, became moot with Franklin's execution. Thereafter, the district court denied both Flynt's motion for reconsideration in the Zink case, and his motion to intervene in the Ringo case, stating "[a] generalized interest in a subject of litigation does not justify intervention." Flynt appeals.

---

[1] United States District Court for the Western District of Missouri Local Rule 7.0(d) requires that "each party opposing [a] motion shall serve and file a brief written statement of the reasons in opposition to the motion."

## II. DISCUSSION

### A. Standard of Review

We normally review the district court's denial of a motion for permissive intervention under Rule 24(b) for abuse of discretion. South Dakota ex rel. Barnett v. United States Dep't of Interior, 317 F.3d 783, 787 (8th Cir. 2003). However, where the district court's decision was based on a question of law, we exercise plenary review. Pansy v. Borough of Stroudsburg, 23 F.3d 772, 777 (3d Cir. 1994).

### B. Rule 24(b) as the Proper Procedural Vehicle

The appellees assert that the district court did not err in denying Flynt's motion to intervene under Rule 24(b), and seem to suggest that since Flynt admits he could file a separate lawsuit to address the merits of unsealing the judicial records in question, his rights of access are not harmed. We disagree and find Rule 24(b) intervention an appropriate procedural vehicle for parties seeking to intervene for the purpose of obtaining judicial records.

Given the district court's terse orders denying Flynt's motions, we are left to some degree to speculate what the district court meant when it said "[a] generalized interest in a subject of litigation does not justify intervention." To the extent the district court denied Flynt's motions because it believed Rule 24(b) intervention was the incorrect procedural mechanism, the district court applied the incorrect legal standard in holding that Flynt's generalized interest in the subjects of the Zink and Ringo cases did not justify intervention under Rule 24(b). Normally, parties seeking permissive intervention pursuant to Rule 24(b) must show: (1) an independent ground

Appellate Case: 14-1187     Page: 5     Date Filed: 04/07/2015 Entry ID: 4262456

for jurisdiction, (2) timeliness[2] of the motion, and (3) that the applicant's claim or defense and the main action have a question of law or fact in common. United States v. Union Elec. Co., 64 F.3d 1152, 1170 n.9 (8th Cir. 1995). The record seems to indicate that the district court believed Flynt failed to satisfy the commonality requirement of Rule 24(b) when it stated "[a] generalized interest in a subject of litigation does not justify intervention." However, where a party is seeking to intervene in a case for the limited purpose of unsealing judicial records, most circuits have found that "there is no reason to require such a strong nexus of fact or law." Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 474 (9th Cir. 1992). Instead, in such cases, it is the public's interest in the confidentially of the judicial records that–"in the language of Rule 24(b)(2)–[is] a question of law . . . in common between the Parties [to the original suit] and the [would-be intervener]." Jessup v. Luther, 227 F.3d 993, 999 (7th Cir. 2000) (second alteration in original). Furthermore, when a party is seeking to intervene only to modify a protective order or unseal documents, and not to litigate a claim on the merits, an independent basis of jurisdiction is not required. Beckman, 966 F.2d at 473. Accordingly, permissive intervention under Rule 24(b) is an appropriate procedural vehicle for non-parties seeking access to judicial records in civil cases.[3] Jessup, 227 F.3d at 996-97; E.E.O.C. v. Nat'l

---

[2]At oral argument, the parties argued about the timeliness of Flynt's motion to intervene in the Ringo case, which had been dismissed a year before Flynt filed his motion. Flynt's motion was timely. "[A] district court may properly consider a motion to intervene permissively for the limited purpose of modifying a protective order even after the underlying dispute between the parties has long been settled." Pansy, 23 F.3d at 779.

[3]The question of whether a party is allowed to intervene is distinct from the issue of whether the party's motion to unseal should be granted. See IDT Corp. v. eBay, 709 F.3d 1220, 1222-25 (8th Cir. 2013); Webster Groves Sch. Dist. v. Pulitzer Publ'g Co., 898 F.2d 1371, 1376 (8th Cir. 1990). We express no opinion on whether Flynt should ultimately prevail in his request to unseal the judicial records at issue. Since submission of this appeal, however, the court en banc has grappled with the sealing of at least some of the court records in Zink. Thus, our "no opinion" locution

Appellate Case: 14-1187    Page: 6    Date Filed: 04/07/2015 Entry ID: 4262456

Children's Ctr., 146 F.3d 1042, 1045 (D.C. Cir. 1998); Pansy, 23 F.3d at 778; Grove Fresh Distribs., Inc. v. Everfresh Juice Co., 24 F.3d 893, 896-98 (7th Cir. 1994); Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1015-16 (11th Cir. 1992); Beckman, 966 F.2d at 473; United Nuclear Corp. v. Cranford Ins. Co., 905 F.2d 1424, 1427 (10th Cir. 1990); Pub. Citizen v. Liggett Grp., Inc., 858 F.2d 775, 783 (1st Cir. 1988); Meyer Goldberg, Inc. of Lorain v. Fisher Foods, Inc., 823 F.2d 159, 162 (6th Cir. 1987); Martindell v. Int'l Tel. & Tel. Corp., 594 F.2d 291, 294 (2d Cir. 1979). Despite appellees' suggestions that Flynt should seek other avenues to challenge the sealing of these judicial records, other courts have found they "are not willing to create a special category of non-Rule 24 intervention for third parties who wish to challenge protective orders through informal motion." Pub. Citizen, 858 F.2d at 784. We agree. In fact, for reasons of judicial efficiency, Rule 24(b) intervention in such instances may often be preferable to the third party filing a separate action. Accordingly, Rule 24(b) intervention was the proper procedural mechanism for Flynt to intervene in the Ringo and Zink cases.

### III. CONCLUSION

For the reasons stated above, we reverse the orders of the district court and direct that Flynt be allowed to intervene. We remand the cases to the district court for proceedings consistent with this opinion.

BEAM, Circuit Judge, concurring only in the judgment of the court.

_____

in this footnote is in no way intended as, nor could it be, any expression concerning the en banc court's Zink opinion. Zink v. Lombardi, No. 14-2220, 2015 WL 968176 (8th Cir. Mar. 6, 2015).